**MALAN CONSTRUCTION CORPORATION, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

United States District Court
S. D. New York.

May 28, 1962.

Alvin L. Korngold, Jamaica, N. Y., for plaintiff.

Robert M. Morgenthau, U. S. Atty., New York City, John Paul Reiner, Asst. U. S. Atty., for United States.

956

CASHIN, District Judge.

This is a motion by defendant for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The action is for additional compensation under a 1956 contract between the plaintiff and the Veterans Administration. This claim arose when the Contracting Officer ordered plaintiff's subcontractor to paint the underside of a steel deck roofing at the Veterans Administration Center, Dayton, Ohio, Building No. 305. Although the painting was done, plaintiff claimed that it was not required by the terms and specifications of the contract entered into by the parties, and submitted a claim for additional compensation to the Contracting Officer pursuant to the "disputes clause" of said contract.

On July 22, 1958 the Contracting Officer rendered his decision against the plaintiff, who then appealed. On July 26, 1960 the Construction Contract Appeals Board of the Veterans Administration handed down its opinion which denied the appeal from the decision of the Contracting Officer and, thus, the claim of the plaintiff. Plaintiff then instituted this action on April 11, 1961.

The plaintiff apparently concedes that there are no genuine issues of fact in dispute but opposes the motion on the ground that no record of the hearing before the Contracting Officer was ever submitted to the Appeals Board, and because plaintiff was never given the opportunity to question, under oath, any representative of the Government concerning the requirements and interpretation of the contract and specifications.

 Pursuant to 41 U.S.C.A. § 321, the decision of the Construction Contract Appeals Board is final and conclusive unless it is not supported by substantial evidence. Plaintiff does not contend that any specific finding of fact is in error but, rather, appears to be attacking the constitutionality of the procedure. In reviewing the record in this action, I find that plaintiff's constitutional rights have been adequately protected. Although no record of the hearing before the Contracting Officer was submitted to the Construction Contract Appeals Board, the Board did have before it the Contracting Officer's written decision and his summary of the facts. Upon appeal, the Board received documentary evidence, considered plaintiff's interpretation of the contract, gave plaintiff an opportunity for oral argument and accepted legal briefs. The Board then came to a decision, but before rendering it, it allowed the plaintiff to peruse the proposed report and submit a rebuttal memorandum. On July 26, 1960, the Board rendered its written opinion setting forth the facts, law and the controlling authorities. I find nothing unconstitutional in this procedure.

 I also find that the decision of the Construction Contract Appeals Board is supported by substantial evidence and that there are no issues of fact to be determined. Therefore, defendant's motion for summary judgment is granted.

Motion granted.

It is so ordered.